UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEQUAN YOUNG,
        Petitioner,
v.                                                       Case No. 19-CV-1771

BRIAN FOSTER,
        Respondent.

---

## ORDER

Petitioner DeQuan Young is serving two concurrent 35-year bifurcated sentences in Waupun Correctional Institution after pleading guilty to two counts of felony murder in violation of Wis. Stat. § 940.03. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds that he did not voluntarily, knowingly, and intelligently enter his guilty pleas. For the reasons stated below, I will deny Young's petition.

### I.    BACKGROUND

DeQuan Young pled guilty to two counts of felony murder before Judge Chad G. Kerkman in Kenosha County Circuit Court on November 18, 2014. In Wisconsin, an individual commits felony murder if they (1) cause the death of another human being, (2) while committing or attempting to commit certain underlying crimes. Wis. Stat. § 940.03. The underlying crime for which Young pled guilty was armed robbery defined by Wis. Stat. § 943.32(2).

At the plea hearing, Judge Kerkman explained the elements of felony murder:

> JUDGE KERKMAN: The elements of Felony Murder are two. Number one, you were party to a crime. In this case armed robbery. And, number two, the death of Carlos G. Garcia was caused by the commission of the crime, in this case armed robbery. Do you understand those two elements?

> YOUNG: Yes, sir.
>
> JUDGE KERKMAN: And that's with respect to Count 1. With respect to Count 2, again, there's two elements. Number one, you were party to a crime of armed robbery. Number two, the death of Zachary A. Hernandez was caused by the commission of the armed robbery. Again, do you understand those two elements?
>
> YOUNG: Yes, sir.
>
> JUDGE KERKMAN: And in both of these counts in the Amended Information you are charged as party to a crime, which means that you either directly committed this crime or you intentionally aided and abetted someone else who committed the crime. Do you understand that?
>
> YOUNG: Yes, sir.

ECF No. 13-10 at 7:14–8:9. He did not, however, explain the elements of armed robbery. Judge Kerkman ultimately accepted Young's plea and sentenced him to two concurrent 35-year bifurcated sentences.

Young filed postconviction motions seeking to withdraw his guilty pleas. Young asserted that he did not voluntarily, knowingly, and intelligently enter his guilty plea because (1) he did not understand the elements of armed robbery, and (2) Judge Kerkman did not explain the elements of armed robbery during the plea hearing.

Judge Kerkman held an evidentiary hearing at which Young and Douglas Bihler, one of Young's two trial attorneys, testified. Young testified that he and Attorney Bihler never discussed the elements of armed robbery. Attorney Bihler, on the other hand, testified that he discussed the elements of armed robbery with Young on multiple occasions. The only exhibit discussed at the hearing was the plea questionnaire filed with the Kenosha County Circuit Court. The jury instructions for felony murder and armed robbery were attached to the plea questionnaire. Young's signature was found on each page of the plea questionnaire and jury instructions. Attorney Bihler testified that he reviewed the jury instructions with Young to ensure that he understood the elements of

2

the offense. He then asked Young to sign the instructions indicating that he understood the elements. Judge Kerkman found Attorney Bihler "much more credible" than Young. He denied Young's motion, concluding that Young understood the elements of armed robbery when he entered his guilty pleas.

Young appealed to the Wisconsin Court of Appeals, who summarily affirmed Young's conviction and the denial of Young's postconviction motion on August 15, 2018.

Young's appellate attorney filed a no-merit petition for review, and Young filed a pro se response. The Wisconsin Supreme Court denied the petition on December 11, 2018.

## II. DISCUSSION

I may only grant a petition for a writ of habeas corpus if the state court decision on the merits of the petitioner's claims was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). I must presume that any factual determination made by the state court is correct, but the petitioner may rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Young does not challenge the factual finding that Attorney Bihler explained the elements of armed robbery to him before the plea hearing. Instead, he contends that the Wisconsin Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Federal law as established by *Boykin v. Alabama*, 395 U.S. 238 (1969). Young reads *Boykin* to stand for the proposition that trial courts have a

3

duty to explain the elements of the crimes to which a defendant pleads guilty on the record during the plea colloquy. Thus, because Judge Kerkman did not explain the elements of armed robbery during the plea hearing, Young maintains that he did not voluntarily, knowingly, and intelligently enter his guilty pleas.

A guilty plea is not merely a confession. *Boykin*, 395 U.S. at 242. A defendant who enters a guilty plea waives several constitutional rights, including the right against self-incrimination, the right to a trial by jury, and the right to confront one's accuser. *Id.* at 243. As such, a guilty plea "is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970). Under this standard, a defendant must be informed of the nature of the charge and the element of the crime to which he is pleading guilty. *Henderson v. Morgan*, 426 U.S. 637, 645–47(1976). These facts cannot be presumed from a silent record. *Boykin*, 395 U.S. at 243. Therefore, trial courts have a duty to develop "a record adequate for any review that may be later sought." *Id.* at 244.

Young is correct, then, that *Boykin* imposes a duty on courts that accept guilty pleas.  However, he misunderstands that scope of that responsibility, for "[w]hile the court taking a defendant's plea is responsible for ensuring 'a record adequate for any review that may be later sought,' [the Supreme Court has] never held that the judge must himself explain the elements of each charge to the defendant on the record." *Bradshaw*, 545 U.S. at 183 (quoting *Boykin*, 395 U.S. at 244); *see also Stewart v. Peters*, 958 F.2d 1379, 1386 (7th Cir. 1992). Instead, "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the

crime were explained to the defendant by his own, competent counsel." *Id.* In fact, "[w]here a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." *Id.*

Judge Kerkman's actions and the Wisconsin Court of Appeals' decision are consistent with these very principals. During the plea colloquy, Judge Kerkman questioned Young to ensure he understood the consequences of his guilty plea, including any rights waivers, potential sentences, and other collateral consequences. He then informed Young of the nature of felony murder and its elements. Young affirmed that he understood each of these points. All of this occurred on the record. On a motion for postconviction relief, Young alleged that he did not, in fact, understand the elements of armed robbery, the underlying offense for felony murder. In response, Judge Kerkman held a postconviction evidentiary hearing on the record. Attorney Bihler, Young's defense counsel, testified that he explained the elements of armed robbery to Young before the plea hearing and asked Young sign the jury instructions to indicate his understanding. Judge Kerkman credited Attorney Bihler's testimony and concluded that Young's guilty plea was valid. On appeal, the Wisconsin Court of Appeals applied the proper legal standard; it considered whether Young voluntarily, knowingly, and intelligently entered his guilty pleas. Concluding that Judge Kerkman's factual findings were supported by the record and not clearly erroneous, the Wisconsin Court of Appeals affirmed.

In the end, Young's habeas petition is premised on an incorrect interpretation of *Boykin v. Alabama*, 395 U.S. 238 (1969). Judge Kerkman was not required to explain the elements of armed robbery to Young on the record during the plea colloquy. It was enough
5

that Young's competent defense attorney explained the elements to him beforehand. Young does not question this factual finding, and he does not claim that Attorney Bihler was incompetent. He therefore has not established that the Wisconsin Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

### III. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal the dismissal of a habeas petition without a certificate of appealability (COA). 28 U.S.C. § 2253(c). Where, as here, a district court has rejected a constitutional claim on the merits, a COA should be issued if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I conclude that no reasonable jurist would find my assessment of Young's constitutional claims debatable or wrong. Therefore, I will deny Young a certificate of appealability. Young may nonetheless seek a certificate from the Seventh Circuit under Federal Rule of Appellate Procedure 22.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Young's petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

Dated at Milwaukee, Wisconsin, on this 23rd day of November, 2021.

                                                  s/Lynn Adelman_____
                                                  LYNN ADELMAN
                                                  United States District Judge